UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                  Case No.: 8:18-cr-400-T-33SPF

TERRESE COLSTON
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Terrese Colston's Motion to Dismiss Count III of the Indictment (Doc. # 18), filed on December 12, 2018. The Government responded on December 21, 2018. (Doc. # 23). For the reasons that follow, the Motion is denied.

**Discussion**

In the Motion made under Federal Rule of Criminal Procedure 12(b), Colston seeks dismissal of Count III of the Indictment charging him with violation of 18 U.S.C. § 922(g)(1). Colston argues that § 922(g), the felon-in-possession statute, "is unconstitutional, facially and as applied, because the statute exceeds Congress's authority under the Commerce Clause." (Doc. # 18 at 1).

However, Colston "recognizes that Eleventh Circuit precedent currently forecloses this issue," but he files this

Motion to "preserve this argument for purposes of further review." (Id. at 2). The Government agrees that Colston's arguments are foreclosed by binding authority. (Doc. # 23).

Both parties point to the same case law in which the Eleventh Circuit has held that § 922(g) is constitutional. See United States v. Wright, 607 F.3d 708, 715-16 (11th Cir. 2010)("'[Section] 922(g)(1) is not an unconstitutional exercise of Congress's power under the Commerce Clause.' Accordingly, we reject Wright's challenge to the constitutionality of § 922(g). . . . [And] the government established that the firearms involved in Wright's offense were manufactured outside of Florida, the state in which the offense took place. Thus, the firearms necessarily traveled in interstate commerce and therefore satisfied the minimal nexus requirement." (quoting United States v. McAllister, 77 F.3d 387, 391 (11th Cir. 1996))); see also United States v. Scott, 263 F.3d 1270, 1274 (11th Cir. 2001)("Neither Morrison nor Jones modifies our decision in McAllister, upholding the felon-in-possession-of-a-firearm statute, 18 U.S.C. § 922(g), under Congress' Commerce Clause power. . . . For these reasons, we reaffirm McAllister's holding that as long as the weapon in question has a 'minimal nexus' to interstate commerce, § 922(g)(1) is constitutional.").

In light of this binding precedent, the Court agrees with the Government that "there is no merit to Colston's claims that section 922(g) is unconstitutional on its face or as applied." (Doc. # 23 at 5). Here, the Government alleges that Colston's firearm, a Smith and Wesson revolver, was manufactured in Massachusetts and that the ammunition was manufactured in Idaho and thus, both had moved in interstate commerce prior to Colston's possession in the Middle District of Florida during the alleged crime on July 11, 2018. Colston's own document (a September 6, 2018, ATF investigation report attached to the Motion) buttresses the Government's position regarding movement in interstate commerce. Specifically, the ATF report states: "The firearm and ammunition listed above were manufactured outside of the State of Florida. To be found in the State of Florida, these items would have traveled in, or otherwise affected interstate or foreign commerce." (Doc. # 18-1). Therefore, the Court denies Colston's Motion.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Terrese Colston's Motion to Dismiss Count III of the Indictment (Doc. # 18) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 4th day of January, 2019.

*Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE